

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*610 Federal Plaza  Central Islip, New York 11722*

February 16, 2026

Honorable Gary R. Brown
United States District Court Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

       Re:    *Rosario v. Noem, et.al.*
               26-cv-870 (Brown, J.)

Dear Judge Brown:

This Office represents Kristi Noem, Secretary of the Department of Homeland Security, and Todd Lyons, Field Office Director for the United States Immigration and Customs Enforcement ("ICE) (collectively "Federal Respondents) in the above petition for habeas corpus filed by Petitioner Yohan Manuel Marin Rosarios ("Petitioner") on February 13, 2026 (Docket Entry ("DE") #1, the "Petition") Your Honor scheduled an emergency bail hearing for Tuesday, February 17, 2026 at 2:00 p.m. "to determine whether petitioner should be released on bail consistent with the principles set forth in this Court's order in *Clarke v. U.S. Dept of Homeland Security*, 25-CV-6773(GRB) (December 18, 2025). The Court also sought "information bearing on a bail or detention determination [that] would be helpful to the Court."

Petitioner acknowledges that he entered the United States on a B2 tourist visa from Venezuela in February 2017. DE 1 at ¶ 10. He was detained on February 13, 2026 and issued a Notice to Appear ("NTA") based upon his over staying the temporary visa which was valid from February 6, 2017 through August 5, 2017. *See* attached NTA.  The NTA further charged that he was subject to removal pursuant to Section 237 (a)(1)(B) of the Immigration and Nationality Act.

Petitioner is detained pursuant to 8 U.S.C. § 1226(a) based on the fact that he is a "visa overstay"- meaning, an alien who was admitted to the United States and overstayed his visa. Therefore, Petitioner has  administrative remedies available to him. Numerous courts in this Circuit have held that "to the extent [a petitioner] wishes to challenge [his] initial custody determination, [he] must first exhaust the administrative remedies at [his] disposal" *Rojas v. Genalo,* No. 25-cv-6543, at *1 (E.D.N.Y. Feb. 3, 2026) (Komitee, J.); *see also Castillo Lachapel v. Joyce, et al.*, No. 25-cv-4693, 25 WL 1685576, at *3 (S.D.N.Y. June 16, 2025) (quoting *Michalski v. Decker*, 279 F. Supp. 3d 487, 495 (S.D.N.Y. 2018)) ("'[a] habeas petitioner must normally exhaust administrative remedies before seeking federal court intervention'"). This Petitioner has not availed himself of the administrative remedies available pursuant to 8 U.S.C. § 1226- namely a two-level administrative review process that includes a bond hearing before an immigration judge (*see* 8 C.F.R. §§ 236.1(d)(1), 1003.19, 1236.1(d)) and an appeal to the BIA

should the immigration judge conclude that he should not be released, or the immigration judge has set a bond amount that he believes is too high (*see* 8 C.F.R. §§ 236.1(d)(3), 1003.19(f), 1003.38, 1236.1(d)(3)). *See Monterosa v. Decker*, No. 20-cv-02653, 2020 WL 1847771, at *3 (S.D.N.Y. Apr. 11, 2020) ("After ICE makes an initial detention decision, any person who is detained has the right to request a bond hearing before an Immigration Judge.").

Petitioner's remedy is to undergo a bond hearing with the Immigration Court, not the District Court. Thank you for the Court's time and attention to this matter.

Respectfully submitted

JOSEPH NOCELLA, JR.
United States Attorney

By:    /s/ Diane C. Leonardo
Diane C. Leonardo
Assistant U.S. Attorney
(631) 715-7854
diane.beckmann@usdoj.gov

2