**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*610 Federal Plaza*
*Central Islip, New York 11722*
April 16, 2026

Honorable Gary R. Brown
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re: *Yohan Manuel Marin Rosario v. Noem,* 26-cv-870 (Brown, J.)

Dear Judge Brown:

This Office represents Federal Respondents in the above referenced habeas matter. Federal Respondents respectfully submit this letter in response to the petition for a writ of habeas corpus (the "Petition") (Docket Entry ("DE") No. 1) filed by Petitioner Yohan Manuel Marin Rosario on February 13, 2026. On February 17, 2026, this Court held a bail hearing and released Petitioner on his own recognizance. *See* Minute Entry dated February 17, 2026. The Court also ordered briefing on the merits of Petitioner's habeas petition. *Id.*

**<u>Statement of Relevant Facts</u>**

Petitioner is a citizen and national of Venezuela, who entered the United States on or about February 6, 2017 on a non-immigrant B2 visa with authorization to remain in the United States until August 5, 2017. Petitioner failed to depart the United States on or before August 5, 2017, and remained in the United States without authorization from the Department of Homeland Security. Petitioner applied for Venezuelan Temporary Protected Status ("TPS") in 2021 and was approved on October 21, 2021. Petitioner's TPS was terminated on November 20, 2025.

Petitioner was arrested by Immigration and Customs Enforcement ("ICE"), Enforcement and Removal Operations, Long Island on February 13, 2026, pursuant to an I-200 Warrant. At approximately 7:20am that day, officers were conducting vehicle license plate checks. Officers ran checks on Petitioner's vehicle and the registration came back to Yohan Marin Rosario (Petitioner), a citizen and native of Venezuela without lawful status in the United States. Officers initiated a vehicle stop, positively identified Petitioner through his NYS license and informed him he was being placed under arrest. The I-200 Warrant was issued prior to his arrest. Petitioner was then transported to Nassau County ICE Intake and transferred to Nassau County Correctional Center. A Notice to Appear ("NTA") was served on Petitioner during processing. On the same day he was transferred to Delaney Hall Detention Facility, and was released on February 17, 2026 per Order of this Court. *See* Minute Entry dated February 17, 2026. Copies of the I-200 Warrant and NTA are attached hereto

Petitioner is scheduled for a Master Calendar hearing with Immigration Court on May 5, 2026, via Webex.

**Argument**

The primary legal issues presented by this action concern whether Petitioner's detention by ICE is governed by 8 U.S.C. § 1225 or 8 U.S.C. § 1226, and whether that detention violates his procedural and substantive due process rights, and the Immigration and Nationality Act ("INA") under the Administrative Procedure Act, 5 U.S.C. § 701 et. seq ("APA"). Petitioners principally seek an order from this Court directing ICE to immediately release him from detention.

ICE's statutory basis for detaining Petitioner is 8 U.S.C. § 1225(b)(2)(A). Respondents are aware of this Court's decisions in similar matters, as well as those of other judges in this district that the Court has cited approvingly. *See*, *e.g., Sanchez Alfaro v. Almodovar et al.*, No. 26-cv-00766, 2026 WL 734348 (March 16, 2026) (Brown, J.); *Garcia-Lanza v. Noem*, 26-cv-29, 2026 WL 585130 (March 3, 2026) (Brown, J.); *Diaz-Garcia v. Bondi, et al.,* No. 26-cv-1226, Order entered March 4, 2026 (DE #7) (Bulsara, J.); and *Rodriguez-Acurio v. Noem*, *et.al*., 25-cv-6065, 2025 WL 3314420 (E.D.N.Y. November 28, 2025) (Choudhury, J.). While Your Honor's decisions in *Sanchez Alfaro* and *Garcia Lanza* found that the issue of whether Respondents' detention authority derives from § 1225 or § 1226 was not dispositive, Your Honor did note that the Government provided a lengthy discussion of the § 1225/§ 1226 issue (*see Garcia Lanza*, 2026 WL 585130, at *6 and n.8), and therefore Respondents refrain from doing so again here. While Respondents respectfully continue to take the position set forth in *Garcia Lanza*—that an alien who has never been lawfully admitted to the country is subject to mandatory detention (*see generally Garcia Lanza* DE Nos. 11 and 14)—Respondents acknowledge that the assessment of the interpretation of § 1225 by most judges in this district who have considered it, and to whom Your Honor has cited approvingly, would be dispositive as to the application of § 1225 if followed here.

Additionally, Federal Respondents respectfully note that on February 6, 2026, the Court of Appeals for the Fifth Circuit, while not binding on this Court, held that the government's interpretation of 8 U.S.C. § 1225 was correct. *Buenrostro-Mendez v. Bondi*, 166 F. 4th 494 (5th Cir. 2026). Further, on March 25, 2026, the Eighth Circuit Court of Appeals became the second U.S. Court of Appeals to hold that the government's interpretation of 8 U.S.C. § 1225, which mandates detention of non-citizens falling under its scope, is correct. *See Joaquin Herrera Avila v. Bondi et al.*, No. 25-cv-3248, 2026 WL 819258, *4 (8th Cir. Mar. 25, 2026) ("While ultimately 'Congress's purpose matters far less than what it wrote,' the purpose here nevertheless 'confirms what the statutory text already makes clear,' which is that § 1225(b)(2)(A) mandates the detention of unadmitted aliens already present inside the United States.") (quoting *Buenrostro-Mendez,* 166 F.4th at 508). Federal Respondents further note that, in addition to *Saamishvili*, a number of decisions in this Circuit have endorsed the Government's interpretation of the relevant statutory provisions and have ruled in the government's favor on this issue. *See Alvarado Quezada v. Francis,* No. 26-cv-387, 2026 WL 380711, at *4 (S.D.N.Y. Feb. 11, 2026) (Cronan, J.)*; Arana v. Arteta*, 26-cv-240, 2026 WL 279786 (S.D.N.Y. Feb. 3, 2026) (Woods, J.); *Chen v. Almodovar*, 25-cv-9670, 2026 WL 100761, at *8-9 (S.D.N.Y. Jan. 14, 2026) (Cronan, J.); *Weng v. Genalo et al.*, No. 25-cv-09595, 2026 WL 184627, at *1 (S.D.N.Y. Jan. 23, 2026) (Rearden, J.); *Candido v.*

*Bondi*, 25-cv-867, 2025 WL 3484932, at *2 (W.D.N.Y. Dec. 4, 2025) (Sinatra, J.); *Chen v. Almodovar, et al.*, No. 25-cv-8350, 2025 WL 3484855, at *7 (S.D.N.Y. Dec. 4, 2025) (Vyskocil, J.), notice of appeal filed Dec. 16, 2025; *Liang v. Almodovar*, No. 25-cv-9322, 2025 WL 3641512, at *8 (S.D.N.Y. Dec. 15, 2025) (Vyskocil, J.), notice of appeal filed Jan. 15, 2026. In addition to pending appeals by petitioners regarding the denials of habeas petitions as noted above, the Government has affirmatively appealed the grant of a habeas petition in *Cunha v. Moniz*, 25-cv-6532 (W.D.N.Y. Nov. 25, 2025) (concluding, *inter alia*, that Section 1226(a), not Section 1225(b)(2)(A), applied), *notice of appeal* filed Dec. 11, 2025, No. 25-3141 (2d Cir.). Oral argument in *Cunha* took place on April 6, 2026.

Nonetheless, to conserve judicial resources and to expedite the Court's consideration of this case, the Government respectfully adopts its previous arguments in *Garcia-Lanza*, and submits that the Court can decide this matter without further briefing or additional hearings. However, should the Court prefer to receive a memorandum of law in this matter, Respondents will file such a brief upon the Court's request. Notwithstanding their submission of this letter in lieu of a formal brief, Respondents reserve all rights, including the right to appeal.

Thank you for Your Honor's consideration of this submission.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By: /s/ *Megan J. Freismuth*
Megan J. Freismuth
Assistant United States Attorney

cc: By ECF
All Counsel of Record

**U.S. DEPARTMENT OF HOMELAND SECURITY** ***Warrant for Arrest of Alien***

File No. 2/13/2026

Date: 216 231 306

**To: Any immigration officer authorized pursuant to sections 236 and 287 of the Immigration and Nationality Act and part 287 of title 8, Code of Federal Regulations, to serve warrants of arrest for immigration violations**

I have determined that there is probable cause to believe that MARIN ROSARIO, Yohan is removable from the United States. This determination is based upon:

☐ the execution of a charging document to initiate removal proceedings against the subject;

☐ the pendency of ongoing removal proceedings against the subject;

☐ the failure to establish admissibility subsequent to deferred inspection;

☒ biometric confirmation of the subject's identity and a records check of federal databases that affirmatively indicate, by themselves or in addition to other reliable information, that the subject either lacks immigration status or notwithstanding such status is removable under U.S. immigration law; and/or

☐ statements made voluntarily by the subject to an immigration officer and/or other reliable evidence that affirmatively indicate the subject either lacks immigration status or notwithstanding such status is removable under U.S. immigration law.

**YOU ARE COMMANDED** to arrest and take into custody for removal proceedings under the Immigration and Nationality Act, the above-named alien.

[signature]
(Signature of Authorized Immigration Officer)

M. Damiano (a)SDDO
(Printed Name and Title of Authorized Immigration Officer)

**Certificate of Service**

I hereby certify that the Warrant for Arrest of Alien was served by me at 100 Carmen Ave, East Meadow
(Location)

on Marin Rosario, Yohan (Name of Alien) on 2/13/2026 (Date of Service), and the contents of this notice were read to him or her in the Spanish (Language) language.

J.O. Vallen Rodriguez [signature]
Name and Signature of Officer

N/A
Name or Number of Interpreter (if applicable)

DEPARTMENT OF HOMELAND SECURITY

# NOTICE TO APPEAR

DOB: [redacted]/1978

Event No: CIP2602000197

**In removal proceedings under section 240 of the Immigration and Nationality Act:**

Subject ID: 401521662

File No: 216 231 306

In the Matter of:

Respondent: YOHAN MANUEL MARIN ROSARIO AKA: MANUEL, See Continuation Page Made a Part Hereof currently residing at:

100 29th St Brooklyn, NEW YORK 112321503

(Number, street, city, state and ZIP code) (Area code and phone number)

☐ You are an arriving alien.

☐ You are an alien present in the United States who has not been admitted or paroled.

☒ You have been admitted to the United States, but are removable for the reasons stated below.

The Department of Homeland Security alleges that you:

1. You are not a citizen or national of the United States;
2. You are a native of VENEZUELA and a citizen of VENEZUELA;
3. You were admitted to the United States at QUEENS, NEW YORK on or about February 6, 2017, as a nonimmigrant Visitor for Pleasure with authorization to remain in the United States for a temporary period not to exceed August 5,2017.
4. You remained in the United States beyond August 5, 2017, without authorization from the Immigration and Naturalization Service or its successor the Department of Homeland Security.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

Section 237(a)(1)(B) of the Immigration and Nationality Act (Act), as amended, in that after admission as a nonimmigrant under Section 101(a)(15) of the Act, you have remained in the United States for a time longer than permitted, in violation of this Act or any other law of the United States.

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture.

☐ Section 235(b)(1) order was vacated pursuant to: ☐ 8CFR 208.30 ☐ 8CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:

201 VARICK ST, 5TH FL RM 507, NEW YORK, NEW YORK 10014. NEW YORK VARICK

*(Complete Address of Immigration Court, including Room Number, if any)*

on March 2, 2026 *(Date)* at 8:30 am *(Time)* to show why you should not be removed from the United States based on the charge(s) set forth above.

J 4879 JOHN - (A) SDDO

*(Signature and Title of Issuing Officer)*

Date: February 13, 2026

100 CARMAN AVE, EAST MEADOW

*(City and State)*

## Notice to Respondent

**Warning:** Any statement you make may be used against you in removal proceedings.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are in removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 1003.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents that you desire to have considered in connection with your case. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing. At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear, including that you are inadmissible or removable. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge. You will be advised by the immigration judge before whom you appear of any relief from removal for which you may appear eligible including the privilege of voluntary departure. You will be given a reasonable opportunity to make any such application to the immigration judge.

**One-Year Asylum Application Deadline:** If you believe you may be eligible for asylum, you must file a Form I-589, Application for Asylum and for Withholding of Removal. The Form I-589, Instructions, and information on where to file the Form can be found at www.uscis.gov/i-589. Failure to file the Form I-589 within one year of arrival may bar you from eligibility to apply for asylum pursuant to section 208(a)(2)(B) of the Immigration and Nationality Act.

**Failure to appear:** You are required to provide the Department of Homeland Security (DHS), in writing, with your full mailing address and telephone number. You must notify the Immigration Court and the DHS immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the DHS.

**Mandatory Duty to Surrender for Removal:** If you become subject to a final order of removal, you must surrender for removal to your local DHS office, listed on the internet at http://www.ice.gov/contact/ero, as directed by the DHS and required by statute and regulation. Immigration regulations at 8 CFR 1241.1 define when the removal order becomes administratively final. If you are granted voluntary departure and fail to depart the United States as required, fail to post a bond in connection with voluntary departure, or fail to comply with any other condition or term in connection with voluntary departure, you must surrender for removal on the next business day thereafter. If you do not surrender for removal as required, you will be ineligible for all forms of discretionary relief for as long as you remain in the United States and for ten years after your departure or removal. This means you will be ineligible for asylum, cancellation of removal, voluntary departure, adjustment of status, change of nonimmigrant status, registry, and related waivers for this period. If you do not surrender for removal as required, you may also be criminally prosecuted under section 243 of the Immigration and Nationality Act.

U.S. Citizenship Claims: If you believe you are a United States citizen, please advise the DHS by calling the ICE Law Enforcement Support Center toll free at (855) 448-6903.

**Sensitive locations:** To the extent that an enforcement action leading to a removal proceeding was taken against Respondent at a location described in 8 U.S.C. § 1229(e)(1), such action complied with 8 U.S.C. § 1367.

## Request for Prompt Hearing

To expedite a determination in my case, I request this Notice to Appear be filed with the Executive Office for Immigration Review as soon as possible. I waive my right to a 10-day period prior to appearing before an immigration judge and request my hearing be scheduled.

Before:

_______________________________
*(Signature of Respondent)*

Date: ______________

_______________________________
*(Signature and Title of Immigration Officer)*

## Certificate of Service

This Notice To Appear was served on the respondent by me on February 13, 2026, in the following manner and in compliance with section 239(a)(1) of the Act.

☒ in person ☐ by certified mail, returned receipt # ________ requested ☐ by regular mail

☐ Attached is a credible fear worksheet.

☐ Attached is a list of organization and attorneys which provide free legal services.

The alien was provided oral notice in the SPANISH language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

Refused to Sign
*(Signature of Respondent if Personally Served)*

J1145 URENA - Deportation Officer
*(Signature and Title of officer)*

## Privacy Act Statement

**Authority:**
The Department of Homeland Security through U.S. Immigration and Customs Enforcement (ICE), U.S Customs and Border Protection (CBP), and U.S. Citizenship and Immigration Services (USCIS) are authorized to collect the information requested on this form pursuant to Sections 103, 237, 239, 240, and 290 of the Immigration and Nationality Act (INA), as amended (8 U.S.C. 1103, 1229, 1229a, and 1360), and the regulations issued pursuant thereto.

**Purpose:**
You are being asked to sign and date this Notice to Appear (NTA) as an acknowledgement of personal receipt of this notice. This notice, when filed with the U.S. Department of Justice's (DOJ) Executive Office for Immigration Review (EOIR), initiates removal proceedings. The NTA contains information regarding the nature of the proceedings against you, the legal authority under which proceedings are conducted, the acts or conduct alleged against you to be in violation of law, the charges against you, and the statutory provisions alleged to have been violated. The NTA also includes information about the conduct of the removal hearing, your right to representation at no expense to the government, the requirement to inform EOIR of any change in address, the consequences for failing to appear, and that generally, if you wish to apply for asylum, you must do so within one year of your arrival in the United States. If you choose to sign and date the NTA, that information will be used to confirm that you received it, and for recordkeeping.

**Routine Uses:**
For United States Citizens, Lawful Permanent Residents, or individuals whose records are covered by the Judicial Redress Act of 2015 (5 U.S.C. § 552a note), your information may be disclosed in accordance with the Privacy Act of 1974, 5 U.S.C. § 552a(b), including pursuant to the routine uses published in the following DHS systems of records notices (SORN): DHS/USCIS/ICE/CBP-001 Alien File, Index, and National File Tracking System of Records, DHS/USCIS-007 Benefit Information System, DHS/ICE-011 Criminal Arrest Records and Immigration Enforcement Records (CARIER), and DHS/ICE-003 General Counsel Electronic Management System (GEMS), and DHS/CBP-023 Border Patrol Enforcement Records (BPER). These SORNs can be viewed at https://www.dhs.gov/system-records-notices-sorns. When disclosed to the DOJ's EOIR for immigration proceedings, this information that is maintained and used by DOJ is covered by the following DOJ SORN: EOIR-001, Records and Management Information System, or any updated or successor SORN, which can be viewed at https://www.justice.gov/opcl/doj-systems-records. Further, your information may be disclosed pursuant to routine uses described in the abovementioned DHS SORNs or DOJ EOIR SORN to federal, state, local, tribal, territorial, and foreign law enforcement agencies for enforcement, investigatory, litigation, or other similar purposes.

For all others, as appropriate under United States law and DHS policy, the information you provide may be shared internally within DHS, as well as with federal, state, local, tribal, territorial, and foreign law enforcement; other government agencies; and other parties for enforcement, investigatory, litigation, or other similar purposes.

**Disclosure:**
Providing your signature and the date of your signature is voluntary. There are no effects on you for not providing your signature and date; however, removal proceedings may continue notwithstanding the failure or refusal to provide this information.

**U.S. Department of Homeland Security**

**Continuation Page for Form** I-862

| Alien's Name | File Number | Date |
| --- | --- | --- |
| MARIN ROSARIO, YOHAN MANUEL | 216 231 306<br>Event No: CIP2602000197 | 02/13/2026 |

ALSO KNOWN AS

---

YOHAN; ROSARIO, MARIN

| Signature | Title |
| --- | --- |
| J 4879 JOHN | (A) SDDO |



Form I-831 Continuation Page (Rev. 08/01/07)