**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*610 Federal Plaza*
*Central Islip, New York 11722*
May 21, 2026

Honorable Gary R. Brown
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re: *Yohan Manuel Marin Rosario v. Noem,* 26-cv-870 (Brown, J.)

Dear Judge Brown:

This Office represents Federal Respondents in the above referenced habeas matter. Federal Respondents respectfully submit this revised letter in response to the petition for a writ of habeas corpus (the "Petition") (Docket Entry ("DE") No. 1) filed by Petitioner Yohan Manuel Marin Rosario on February 13, 2026[1], which supersedes Federal Respondents' April 16, 2026 submission (DE # 8). In Federal Respondents' April 16, 2026 response, the detention authority for Petitioner's arrest was given as 8 U.S.C. § 1225(b)(2)(A). The undersigned Assistant United States Attorney only realized today, upon re-reviewing this matter post *Cunha v. Freden*, --- F.4th ----, 2026 WL 1146044 (2d Cir. Apr. 28, 2026), that she inadvertently briefed the issues raised in this matter solely under § 1225(b)(2)(A) instead of 8 U.S.C. § 1226(a), the actual detention authority that applies to Petitioner. The undersigned contacted Petitioner's counsel about this error earlier today and apologized. The undersigned respectfully and sincerely apologizes to the Court for this unintentional error and any inconveniences it poses.

## <u>Statement of Relevant Facts</u>

Petitioner is a citizen and national of Venezuela, who entered the United States on or about February 6, 2017 on a non-immigrant B2 visa with authorization to remain in the United States until August 5, 2017. Petitioner failed to depart the United States on or before August 5, 2017, and remained in the United States without authorization from the Department of Homeland Security. Petitioner applied for Venezuelan Temporary Protected Status ("TPS") in 2021 and was approved on October 21, 2021. Petitioner's TPS was terminated on November 20, 2025.

Petitioner was arrested by Immigration and Customs Enforcement ("ICE"), Enforcement and Removal Operations, Long Island on February 13, 2026, pursuant to an I-200 Warrant. At approximately 7:20am that day, officers were conducting vehicle license plate checks. Officers ran checks on Petitioner's vehicle and the registration came back to Yohan Marin Rosario

[1] On February 17, 2026, this Court held a bail hearing and released Petitioner on his own recognizance. *See* Minute Entry dated February 17, 2026.

(Petitioner), a citizen and native of Venezuela without lawful status in the United States. Officers initiated a vehicle stop, positively identified Petitioner through his NYS license and informed him he was being placed under arrest. The I-200 Warrant was issued prior to his arrest. ICE advised the undersigned that Petitioner was originally detained pursuant to 8 U.S.C. § 1225(b)(2)(A). Petitioner was then transported to Nassau County ICE Intake and transferred to Nassau County Correctional Center. A Notice to Appear ("NTA") was served on Petitioner during processing. On the same day he was transferred to Delaney Hall Detention Facility.

On February 17, 2026, ICE determined, for the reasons set forth below, that Petitioner was subject to detention under 8 U.S.C. § 1226(a) and conducted an Initial Custody Determination. Petitioner was released on February 17, 2026 per Order of this Court following a bond hearing. *See* Minute Entry dated February 17, 2026. Copies of the I-200 Warrant, NTA, and Initial Custody Determination are attached hereto.

**Argument**

Petitioner was properly detained under 8 U.S.C. § 1226(a). Aliens, like Petitioner, who entered the United States pursuant to a visa have been deemed inspected and admitted. As such, Petitioner was not subject to the mandatory detention framework under 8 U.S.C. § 1225(b)(2)(A). As such, Petitioner, who overstayed his visa, was subject to the arrest and detention authority articulated in § 1226(a), as Petitioner is removable from the United States.

Ordinarily, under § 1226(a), Petitioner's remedies are administrative. After ICE makes the initial custody determination, as it did here, an alien can request a custody redetermination (i.e., a bond hearing) by an immigration judge ("IJ") at any time before a final order of removal is issued. *See* 8 C.F.R. § 236.1(d)(1). Here, however, the Court already conducted a bail hearing and Petitioner has already been released by the Court. Federal Respondents thus submit that Petitioner has received the process due under § 1226(a) and the habeas petition should be denied.

Thank you for Your Honor's consideration of this submission.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By: */s/ Megan J. Freismuth*
Megan J. Freismuth
Assistant United States Attorney

cc: By ECF
All Counsel of Record

**U.S. DEPARTMENT OF HOMELAND SECURITY** ***Warrant for Arrest of Alien***

File No. 2/13/2026

Date: 216 231 306

**To:** ***Any immigration officer authorized pursuant to sections 236 and 287 of the Immigration and Nationality Act and part 287 of title 8, Code of Federal Regulations, to serve warrants of arrest for immigration violations***

I have determined that there is probable cause to believe that MARIN ROSARIO, Yohan is removable from the United States. This determination is based upon:

- ☐ the execution of a charging document to initiate removal proceedings against the subject;
- ☐ the pendency of ongoing removal proceedings against the subject;
- ☐ the failure to establish admissibility subsequent to deferred inspection;
- ☒ biometric confirmation of the subject's identity and a records check of federal databases that affirmatively indicate, by themselves or in addition to other reliable information, that the subject either lacks immigration status or notwithstanding such status is removable under U.S. immigration law; and/or
- ☐ statements made voluntarily by the subject to an immigration officer and/or other reliable evidence that affirmatively indicate the subject either lacks immigration status or notwithstanding such status is removable under U.S. immigration law.

**YOU ARE COMMANDED** to arrest and take into custody for removal proceedings under the Immigration and Nationality Act, the above-named alien.

[signature]
(Signature of Authorized Immigration Officer)

M. Damiano (a)SDDO
(Printed Name and Title of Authorized Immigration Officer)

**Certificate of Service**

I hereby certify that the Warrant for Arrest of Alien was served by me at 100 Carmen Ave, East Meadow (Location)

on Marin Rosario, Yohan (Name of Alien) on 2/13/2026 (Date of Service), and the contents of this notice were read to him or her in the Spanish (Language) language.

[signature] D.O. Villa Rodriguez
Name and Signature of Officer

N/A
Name or Number of Interpreter (if applicable)

DEPARTMENT OF HOMELAND SECURITY

# NOTICE TO APPEAR

DOB: [redacted]/1978

Event No: CIP2602000197

**In removal proceedings under section 240 of the Immigration and Nationality Act:**

Subject ID: 401521662

File No: 216 231 306

In the Matter of:

Respondent: YOHAN MANUEL MARIN ROSARIO AKA: MANUEL, See Continuation Page Made a Part Hereof currently residing at:

100 29th St Brooklyn, NEW YORK 112321503

(Number, street, city, state and ZIP code) (Area code and phone number)

☐ You are an arriving alien.

☐ You are an alien present in the United States who has not been admitted or paroled.

☒ You have been admitted to the United States, but are removable for the reasons stated below.

The Department of Homeland Security alleges that you:

1. You are not a citizen or national of the United States;

2. You are a native of VENEZUELA and a citizen of VENEZUELA;

3. You were admitted to the United States at QUEENS, NEW YORK on or about February 6, 2017, as a nonimmigrant Visitor for Pleasure with authorization to remain in the United States for a temporary period not to exceed August 5,2017.

4. You remained in the United States beyond August 5, 2017, without authorization from the Immigration and Naturalization Service or its successor the Department of Homeland Security.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

Section 237(a)(1)(B) of the Immigration and Nationality Act (Act), as amended, in that after admission as a nonimmigrant under Section 101(a)(15) of the Act, you have remained in the United States for a time longer than permitted, in violation of this Act or any other law of the United States.

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture.

☐ Section 235(b)(1) order was vacated pursuant to: ☐ 8CFR 208.30 ☐ 8CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:

201 VARICK ST, 5TH FL RM 507, NEW YORK, NEW YORK 10014. NEW YORK VARICK

*(Complete Address of Immigration Court, including Room Number, if any)*

on March 2, 2026 *(Date)* at 8:30 am *(Time)* to show why you should not be removed from the United States based on the charge(s) set forth above.

J 4879 JOHN - (A) SDDO

*(Signature and Title of Issuing Officer)*

Date: February 13, 2026

100 CARMAN AVE, EAST MEADOW

*(City and State)*

## Notice to Respondent

**Warning:** Any statement you make may be used against you in removal proceedings.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are in removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 1003.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents that you desire to have considered in connection with your case. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing. At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear, including that you are inadmissible or removable. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge. You will be advised by the immigration judge before whom you appear of any relief from removal for which you may appear eligible including the privilege of voluntary departure. You will be given a reasonable opportunity to make any such application to the immigration judge.

**One-Year Asylum Application Deadline:** If you believe you may be eligible for asylum, you must file a Form I-589, Application for Asylum and for Withholding of Removal. The Form I-589, Instructions, and information on where to file the Form can be found at www.uscis.gov/i-589. Failure to file the Form I-589 within one year of arrival may bar you from eligibility to apply for asylum pursuant to section 208(a)(2)(B) of the Immigration and Nationality Act.

**Failure to appear:** You are required to provide the Department of Homeland Security (DHS), in writing, with your full mailing address and telephone number. You must notify the Immigration Court and the DHS immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the DHS.

**Mandatory Duty to Surrender for Removal:** If you become subject to a final order of removal, you must surrender for removal to your local DHS office, listed on the internet at http://www.ice.gov/contact/ero, as directed by the DHS and required by statute and regulation. Immigration regulations at 8 CFR 1241.1 define when the removal order becomes administratively final. If you are granted voluntary departure and fail to depart the United States as required, fail to post a bond in connection with voluntary departure, or fail to comply with any other condition or term in connection with voluntary departure, you must surrender for removal on the next business day thereafter. If you do not surrender for removal as required, you will be ineligible for all forms of discretionary relief for as long as you remain in the United States and for ten years after your departure or removal. This means you will be ineligible for asylum, cancellation of removal, voluntary departure, adjustment of status, change of nonimmigrant status, registry, and related waivers for this period. If you do not surrender for removal as required, you may also be criminally prosecuted under section 243 of the Immigration and Nationality Act.

U.S. Citizenship Claims: If you believe you are a United States citizen, please advise the DHS by calling the ICE Law Enforcement Support Center toll free at (855) 448-6903.

**Sensitive locations:** To the extent that an enforcement action leading to a removal proceeding was taken against Respondent at a location described in 8 U.S.C. § 1229(e)(1), such action complied with 8 U.S.C. § 1367.

## Request for Prompt Hearing

To expedite a determination in my case, I request this Notice to Appear be filed with the Executive Office for Immigration Review as soon as possible. I waive my right to a 10-day period prior to appearing before an immigration judge and request my hearing be scheduled.

Before:

_______________________
*(Signature of Respondent)*

Date: ______________

_______________________
*(Signature and Title of Immigration Officer)*

## Certificate of Service

This Notice To Appear was served on the respondent by me on February 13, 2026, in the following manner and in compliance with section 239(a)(1) of the Act.

☒ in person ☐ by certified mail, returned receipt # __________ requested ☐ by regular mail

☐ Attached is a credible fear worksheet.

☐ Attached is a list of organization and attorneys which provide free legal services.

The alien was provided oral notice in the SPANISH language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

Refused to Sign

*(Signature of Respondent if Personally Served)*

J1145 URENA - Deportation Officer

*(Signature and Title of officer)*

## Privacy Act Statement

**Authority:**
The Department of Homeland Security through U.S. Immigration and Customs Enforcement (ICE), U.S Customs and Border Protection (CBP), and U.S. Citizenship and Immigration Services (USCIS) are authorized to collect the information requested on this form pursuant to Sections 103, 237, 239, 240, and 290 of the Immigration and Nationality Act (INA), as amended (8 U.S.C. 1103, 1229, 1229a, and 1360), and the regulations issued pursuant thereto.

**Purpose:**
You are being asked to sign and date this Notice to Appear (NTA) as an acknowledgement of personal receipt of this notice. This notice, when filed with the U.S. Department of Justice's (DOJ) Executive Office for Immigration Review (EOIR), initiates removal proceedings. The NTA contains information regarding the nature of the proceedings against you, the legal authority under which proceedings are conducted, the acts or conduct alleged against you to be in violation of law, the charges against you, and the statutory provisions alleged to have been violated. The NTA also includes information about the conduct of the removal hearing, your right to representation at no expense to the government, the requirement to inform EOIR of any change in address, the consequences for failing to appear, and that generally, if you wish to apply for asylum, you must do so within one year of your arrival in the United States. If you choose to sign and date the NTA, that information will be used to confirm that you received it, and for recordkeeping.

**Routine Uses:**
For United States Citizens, Lawful Permanent Residents, or individuals whose records are covered by the Judicial Redress Act of 2015 (5 U.S.C. § 552a note), your information may be disclosed in accordance with the Privacy Act of 1974, 5 U.S.C. § 552a(b), including pursuant to the routine uses published in the following DHS systems of records notices (SORN): DHS/USCIS/ICE/CBP-001 Alien File, Index, and National File Tracking System of Records, DHS/USCIS-007 Benefit Information System, DHS/ICE-011 Criminal Arrest Records and Immigration Enforcement Records (CARIER), and DHS/ICE-003 General Counsel Electronic Management System (GEMS), and DHS/CBP-023 Border Patrol Enforcement Records (BPER). These SORNs can be viewed at https://www.dhs.gov/system-records-notices-sorns. When disclosed to the DOJ's EOIR for immigration proceedings, this information that is maintained and used by DOJ is covered by the following DOJ SORN: EOIR-001, Records and Management Information System, or any updated or successor SORN, which can be viewed at https://www.justice.gov/opcl/doj-systems-records. Further, your information may be disclosed pursuant to routine uses described in the abovementioned DHS SORNs or DOJ EOIR SORN to federal, state, local, tribal, territorial, and foreign law enforcement agencies for enforcement, investigatory, litigation, or other similar purposes.

For all others, as appropriate under United States law and DHS policy, the information you provide may be shared internally within DHS, as well as with federal, state, local, tribal, territorial, and foreign law enforcement; other government agencies; and other parties for enforcement, investigatory, litigation, or other similar purposes.

**Disclosure:**
Providing your signature and the date of your signature is voluntary. There are no effects on you for not providing your signature and date; however, removal proceedings may continue notwithstanding the failure or refusal to provide this information.

**U.S. Department of Homeland Security** **Continuation Page for Form** I-862

| Alien's Name | File Number | Date |
|---|---|---|
| MARIN ROSARIO, YOHAN MANUEL | 216 231 306<br>Event No: CIP2602000197 | 02/13/2026 |

ALSO KNOWN AS

-----------------------------------------------------------------------------------

YOHAN; ROSARIO, MARIN

| Signature | Title |
|---|---|
| J 4879 JOHN | (A) SDDO |

4 of 4 Pages

ERO NEW YORK CITY FIELD OFFICE

**INA § 236(a) Initial Custody Determination**

Name MARIN ROSARIO, YOHAN MANUEL A-Number A 216231306 Arrest Date & Time 2/13/2026 07:40

[X] Individual is subject to § 236(a)—(Fill Out Below) J.J. 02/17/2026
xxx[■]xIndividualxisxNOTxsubjectxtox§x236(a)xx(SkipxtoxBottomxandxSign)xx

**Instructions**: Pursuant to a settlement reached in *Velesaca v. Decker*, No. 20-cv-1803 (SDNY), ERO Officers at the New York City Field Office must utilize this form as part of the initial individualized custody determination under INA § 236(a). Detention under INA § 236(a) is discretionary, and ERO officers must make individualized determinations in each case.

Pursuant to federal regulation 8 C.F.R. § 236.1(c)(8), in making an initial custody determination under INA § 236(a), ERO may release a noncitizen who establishes to the satisfaction of the immigration officer that (1) the noncitizen does not pose a danger to persons or property, and (2) the noncitizen is likely to appear at all future proceedings.

When conducting an individualized initial custody determination, the officer must first consider whether the noncitizen has demonstrated that he or she is not a danger to property or persons. Only if the noncitizen has satisfied the immigration officer that he or she is not a danger to property or persons should the officer proceed to a flight risk analysis.

**Danger to the Persons or Property:**
In assessing whether an individual currently presents a "danger to persons or property," officers may consider any relevant factors, including, but not limited to: the extensiveness and seriousness of any criminal arrest or conviction; the length of time that has passed since any such arrest or conviction; the sentences imposed; criminal history not known to the immigration officer but disclosed by the noncitizen; statements from the noncitizen regarding dangerous or illegal conduct; evidence of rehabilitation; compliance with sentences; employment history and ties to the community. This list is non-exhaustive and does not preclude officers from considering other aggravating or mitigating factors relevant to determining whether the individual currently presents a "danger to persons or property."

Has the individual established that he/she does not pose a danger to persons or property? J.J. 02/17/2026
[X] Yes [ ] No

Discussion (if more space is needed, please attach additional page(s)):

______________________________

______________________________

______________________________

*Please see back of form*

ERO NEW YORK CITY FIELD OFFICE

**Flight Risk:**
Factors to consider for flight risk may include, but are not limited to: whether the individual has a fixed address in the U.S.; the length of residence in the U.S.; family ties in the U.S.; employment history; record of appearance in court; criminal history (including how recent and serious); identified disabilities or medical conditions; history of immigration violations; manner of entry into the U.S.; attempts to flee prosecution; and whether an individual has upcoming court dates in state or local courts.

Has the individual established that he/she does not pose a flight risk? ☐ Yes ☒ No J.J. 2/17/2026

If the noncitizen does pose a flight risk, have you determined that no forms of release on conditions can mitigate the risk of flight? ☒ Yes ☐ No J.J. 2/17/2026

Discussion (if more space is needed, please attach additional page(s)):

**Entered as B1/B2, overstayed. No known community ties. No USC family members. TPS terminated.**

J.J. 02/17/2026

**Special Vulnerabilities:**
The officer should consider whether the noncitizen has any identified special vulnerabilities, such as physical illness; mental illness; disability; elderly; pregnant; nursing; primary caretaking responsibility; sexual orientation/gender identity; or other special circumstance that warrants consideration. No one factor is determinative.

Have you asked and considered whether the individual has any special vulnerabilities?
☒ Yes ☐ No

Have you identified a special vulnerability? ☐ Yes ☒ No

***Please ensure your determination is consistent with current statutory and regulatory authority and applicable agency guidance.***

**INITIAL CUSTODY DETERMINATION**

☐ Bond is set at ____________
☐ Release to ATD or other conditions
☐ Release on Recognizance
☒ Detain

Supervisory Detention and Deportation Officer: JERVA J JOHN Digitally signed by JERVA J JOHN Date: 2026.02.13 11:15:29 -05'00'

Date: 2/13/20

Time Completed*: __________
(* if not e-signed)